IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEAN CARLOS VERA VERGARA, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> § <br> KRISTI NOEM Secretary of Homeland § <br> Security, in her official capacity, et al., § <br> § <br> § <br> Respondents. § | No. 3:25-CV-2075-E (BT) |

## **MEMORANDUM OPINION AND ORDER**

This case is one of many habeas petitions recently filed challenging federal detention pending removal proceedings under § 1225(b).

Petitioner Jean Carlos Vera Vergara, a native and citizen of Ecuador, entered the United States without being inspected, admitted, or paroled by an immigration officer. He was later placed into removal proceedings under section 240 of the Immigration and Nationality Act (INA). At an August 5, 2025, immigration court hearing, the Department of Homeland Security (DHS) moved to dismiss the removal proceedings under INA § 240. The immigration judge (IJ) granted DHS's request, over Petitioner's objection, thereby terminating the removal proceedings without prejudice. Immediately thereafter, DHS placed Petitioner in expedited removal proceedings under INA § 235, and agents detained him under 8 U.S.C. § 1225(b)(2). The same day, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals (BIA) and a Petition for Writ of Habeas Corpus (ECF No. 1) and an Emergency Application for Temporary Restraining Order and Preliminary Injunction (TRO) (ECF No. 4) to enjoin DHS from continuing to detain him under § 1225(b)(2) and to compel a bond hearing under 8 U.S.C. § 1226.

1

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 57 F.3d 250, 253 (5th Cir. 2009).

Last week, the Fifth Circuit issued its published decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), holding that aliens like Petitioner — "alien[s] present within the United States who ha[ve] not been admitted" by lawful means, *see* 8 U.S.C. §§ 1225(a)(1), 1101(a)(13)(A) — are deemed to be "applicants for admission," and unless they show themselves to be "clearly and beyond a doubt entitled to be admitted," they "shall be detained" pending their removal proceeding under § 1225(b)(2)(A). In view of this new precedential authority, Petitioner cannot establish a substantial likelihood that he will prevail on the merits of his claim that he is wrongly detained under § 1225(b)(2) or that he is entitled to a bond hearing under § 1226. Thus, the Court DENIES his Application for Temporary Restraining Order and Preliminary Injunction (TRO) (ECF No. 4).

**SO ORDERED THIS 9th DAY OF February 2026.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE