IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN CARLOS VERA VERGARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-2075-E (BT) |
| | § | |
| MARKWAYNE MULLIN, Secretary of | § | |
| Homeland Security, in his official | § | |
| capacity, et al.,[1] | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is immigration detainee Jean Carlos Vera Vergara's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. (ECF No. 1). As set forth more fully below, the District Judge should deny the petition and close this case because the Court lacks jurisdiction over the expedited removal decision, and Petitioner is subject to mandatory statutory detention (Count I); Petitioner's APA claim fails due to the availability of an adequate habeas remedy (Count II); Petitioner's access-to-courts claim must be brought in a civil rights complaint rather than a habeas petition (Count III); and declaratory or All Writs Act relief is either unavailable or unwarranted in this habeas action (Counts IV and V).

---

[1] *See* Fed. R. Civ. P. 25(d). Secretary Markwayne Mullin was sworn in on March 24, 2026, and is automatically substituted for former Secretary Kristi Noem as the defendant in this action.

1

## Background

Petitioner, a native and citizen of Ecuador who entered the United States in 2024 without being inspected, admitted, or paroled by an immigration officer, was placed into removal proceedings under § 240 of the Immigration and Nationality Act (INA). Pet. at 3; Gov. Resp to TRO. at 6. Petitioner appeared for a removal hearing before a Dallas Immigration Court on August 5, 2025. *Id.* At the hearing, the immigration judge granted the Department of Homeland Security's (DHS) oral motion to dismiss the case, and United States Immigration and Customs Enforcement (ICE) agents detained Petitioner at the courthouse.[2] *Id.* The same day, Petitioner filed this habeas action under § 2241, along with a request for a temporary restraining order (TRO) and preliminary injunctive relief, making the following claims:

1. His detention is illegal because DHS is trying to place him in expedited removal proceedings even though his § 240 proceedings remain pending. Accordingly, his detention should be terminated or converted to 8 U.S.C. § 1226 custody with a prompt bond hearing;

2. His detention violates the Administrative Procedure Act (APA), 5 U.S.C. § 706, because DHS's actions are arbitrary and capricious;

3. His due process right to access the courts and counsel was violated by

---

[2] Petitioner appealed the dismissal arguing that DHS only sought to terminate the § 240 proceedings so that it could place him in "expedited removal" proceedings under § 235 of the INA. Pet. at 4. *See Suarez-Lugo v. Bondi*, 819 F. Supp. 3d 653, 658-59 (S.D. Tex. 2026) (explaining the differences between "standard" removal proceedings under § 240 and expedited removal proceedings under § 235). DHS later returned Petitioner to § 240 proceedings and moved to dismiss his appeal to the Board of Immigration Appeals. Gov. Resp. to TRO at 6. It is unclear whether DHS ever placed Petitioner in expedited removal proceedings or whether he has been ordered removed.

his arrest at the courthouse, where officers refused to identify themselves and threatened to transfer or remove him, hindering his ability to consult counsel and pursue statutory claims;

4. He is entitled to a declaratory judgment that DHS cannot seek his expedited removal while his § 240 case remains pending; and

5. He is entitled to a writ under the All Writs Act, 28 U.S.C. § 1651, preserving the Court's jurisdiction and status quo.

Pet. at 6-7.

After the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)—holding that aliens, like Petitioner, who are present in the United States without previously having been admitted by immigration authorities must be detained without a bond hearing under § 1225 of the INA—the Court denied Petitioner's motion for a TRO and preliminary injunction. The Court found that Petitioner failed to establish a substantial likelihood that he would prevail on the merits of his claim that he is wrongly detained under § 1225 or that he is entitled to a bond hearing under § 1226. Mem. Opp. (ECF No. 26). The Court offered Petitioner twenty-one days to file supplemental briefing on any remaining claims, but he did not file anything and his time to do so has passed. Ord. (ECF No. 27).

## Legal Standards

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United Sates." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Habeas exists

3

solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**Analysis**

1. <u>The Court lacks jurisdiction to review DHS's decision to place Petitioner in expedited removal proceedings, and Petitioner is properly detained without bond under § 1225(b)(2) (Count I).</u>

In Count I, Petitioner claims that his detention is illegal because DHS is trying to terminate his proceedings under § 240 and institute expedited removal proceedings under § 235. He asks that his detention be terminated or "converted to § 1226 custody with a prompt IJ bond hearing." Pet. at 6. Petitioner is not entitled to habeas relief on this claim.

If Petitioner is challenging Respondent's decision to commence expedited removal proceedings, "the Court lacks jurisdiction, habeas or otherwise, to hear those claims." *Wilfredo R. v. Noem*, 2025 WL 3520307, at *3 (N.D. Tex. Nov. 4, 2025) (Toliver, J.) (citing 8 U.S.C. § 1252(b)(9)) ("[N]o court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien. . . ."), *rec. accepted*, 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025) (Fitzwater, J.).

If Petitioner is challenging his detention under § 1225(b)(2) on statutory grounds, in *Buenrostro*, the Fifth Circuit expressly held that aliens—like Petitioner—"present in the United States who ha[ve] not been admitted" by lawful means, *see* 8 U.S.C. §§ 1225(a)(1), 1101(a)(13)(A), are deemed to be "applicants for admission," and unless they show themselves to be "clearly and beyond a doubt entitled to be admitted," they "shall be detained" pending their removal proceeding under § 1225(b)(2)(A). *Buenrostro,* 166 F.4th at 498.

Petitioner does not show "clearly and beyond a doubt" that he is entitled to be admitted. Thus, *Buenrostro* requires that Petitioner be detained without bond under § 1225(b)(2)(A) pending his removal proceedings, and he is not entitled to habeas relief on Count I.

2. Petitioner is not entitled to relief under the APA (Count II).

In Count II, Petitioner alleges that DHS's litigation tactics and decision to arrest him to "force expedited removal" are arbitrary and capricious, an abuse of discretion, and contrary to law in violation of the APA. Pet. at 6.

Petitioner's claim under the APA fails because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *Byron Rene Canuz Soy v. Todd Blanche, et al.,* 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026) (citing *Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 (S.D. Tex. Feb. 10, 2026)); *see also Trump v. J.G.G.,* 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy).

Petitioner is thus not entitled to habeas relief on Count II.

3. Petitioner's access to the courts and counsel claim (Count III) does not sound in habeas.

Petitioner suggests in Count III that Respondent has violated his right to access the courts and counsel in violation of the Due Process Clause of the Fifth Amendment because officers apprehended him at the courthouse, failed to identify themselves, and threatened to remove him, hindering his ability to access the courts and counsel. Pet. at 4, 7.

This claim does not sound in habeas. Even if Petitioner were denied access to the courts or counsel, this would not make his confinement illegal, and the remedy for such a violation would not be release. Such claims should be raised in a civil rights complaint. *See Williams v. Pearce,* 539 F. App'x 324 (5th Cir. 2012) (per curiam) (affirming district court's finding that access to courts claim was not cognizable under § 2241); *(Turner v. Warden,* 2006 WL 3524024, at *6 n.7 (W.D. La. Nov. 1, 2006)* (noting that access to the court claims are appropriately raised in a civil rights complaint); *Bennett v. Banks,* 2012 WL 5613050, at *1 n.2 (S.D. Miss. Oct. 12, 2012)* (same); *Jupiter v. Warden,* 237 F. App'x 726, 728 (3rd Cir. 2007)* (per curiam) (noting that an "access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241"); *see also United States v. Akers,* 807 F. App'x 861, 867 (10th Cir. Apr. 3, 2020)* ("As for the second issue, the district court correctly held that the proper mechanism for Akers to challenge the prison officials' alleged interference with his ability to retain and communicate

with counsel is in a civil rights action, not in a habeas petition.") (citation omitted).

Petitioner is therefore not entitled to habeas relief on Count III.

4. Petitioner cannot obtain a declaratory judgment in a habeas action (Count IV).

In Count IV Petitioner seeks a declaratory judgment that DHS cannot "switch" petitioner "into expedited removal while his § 240 case remains non-final." Pet. at 7.

A federal habeas corpus action is an improper proceeding in which to seek declaratory relief. *See Biron v. Upton*, 2014 WL 3795897, at *2 (N.D. Tex. Aug. 1, 2014) (O' Connor, J.); *Howard v. Haley,* 2001 WL 303534 (S.D. Ala. Mar. 8, 2021) ("Therefore, aside from release, injunctive or declaratory relief is unavailable in a habeas action.").

Petitioner is therefore not entitled to habeas relief on Count IV.

5. Petitioner has not shown entitlement to relief under the All Writs Act (Count V).

In Count V, Petitioner references the All Writs Act, 28 U.S.C. § 1651, vaguely asserting that the Court should issue writs and orders as necessary to preserve the status quo. Pet. at 7. It is unclear what Petitioner is referencing or why the All Writs Act would be needed to preserve jurisdiction. Petitioner fails to show that the All Writs Act applies, and he is not entitled to habeas relief on this claim.

## Recommendation

The District Judge should **DENY** the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and close this case.

**SO RECOMMENDED**.

May 29, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

8